EL PUEBLO, DEMANDANTE Y APELADO, *v.* BARBOSA, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Distrito Segundo, en causa por infracción a la Ley de Arbitrios.

No. 1975.—Resuelto en diciembre 14, 1922.

PRUEBA—ADMISIÓN DE PRUEBA—ERRORES NO REVISABLES EN APELACIÓN.—En este caso la corte, con el consentimiento de ambas partes, tomó en consideración las declaraciones de testigos prestadas contra el acusado en otro caso. *Se resolvió:* que si hubo en ello alguna informalidad se renunció a todo derecho respecto a ella, y que la actuación de la corte no puede ser atacada en apelación, con mayor razón cuando que no se hizo objeción en la corte inferior.

ID. DE LA EXISTENCIA DE UN ALAMBIQUE—EVIDENCIA PRIMARIA.—La declaración de testigos oculares sobre la existencia de un alambique es prueba primaria y no secundaria a los efectos de la regla sobre la mejor prueba.

SEÑALAMIENTOS DE ERROR.—No constituye un señalamiento de error el decir en términos generales que la corte incurrió en error al declarar sin lugar objeciones del acusado. Los errores deben especificarse en serie (*seriatim*).

MULTA—PRISIÓN SUBSIDIARIA.—No constituye un error técnico el imponer una multa sin fijar la prisión subsidiaria en caso de falta de pago.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. M. Gaetán Barbosa.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

José Barbosa y otros fueron acusados de haber obstaculizado a un policía en el cumplimiento de sus deberes, y absueltos de dicho delito. Al terminarse este juicio, José Bar-

bosa, acusado de tener ilegalmente un alambique, fué juzgado por dicho delito y declarado culpable. De la exposición del caso ante nos en apelación, aparece que por consentimiento de ambas partes, la corte tomó en consideración prueba que fué presentada en el juicio anterior por estar ante la misma en este caso. Si hubo alguna informalidad se renunció a ella y no puede ser atacada en apelación la actuación de la corte especialmente por no haberse formulado ninguna objeción en la corte inferior. Con esto queda resuelto el primer error que alega el apelante.

También se alega como error el haber permitido la corte que se presentara prueba sobre la existencia de un alambique cuando, según el apelante, la mejor prueba hubiera sido la presentación del alambique mismo. Sin embargo, la prueba de testigos oculares sobre la existencia de un alambique es prueba primaria y no secundaria. En la denuncia se alegaba que el alambique fué presentado en la corte, y de hecho fué llevado a la corte municipal. Sin embargo, no se levanta ninguna cuestión de que fuera esencial esta manifestación en la denuncia original o de que existió incongruencia.

Algunos de los demás errores señalados en el alegato no se hicieron constar en un señalamiento de errores. No es un señalamiento de error el decir en una forma general como dijo el apelante, que la corte inferior incurrió en error al declarar sin lugar sus objeciones. Los errores deben consignarse por serie (*seriatim*) en un señalamiento de errores. Las materias desestimadas no parecen ser fundamentales. Hubo prueba suficiente de la culpabilidad del apelante.

Y no constituyó tampoco error de la corte el imponer una multa sin fijar la prisión subsidiaria, aunque es mejor la práctica sugerida.

Debe confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey, Hutchison y Franco Soto.